**Matter of the Petition for Naturalization of LUM SUM GIT, also known as George Git Lum.**
**No. 577854.**

United States District Court
E. D. New York.
April 17, 1958.

Spar, Schlem & Burroughs, by Max K. Schlem, New York City, for petitioner.

Maxwell M. Stern, U. S. Naturalization Examiner, Brooklyn, N. Y., for United States.

BRUCHHAUSEN, District Judge.

The Court makes the following findings of fact:

1. The petitioner was born on November 1, 1922, in China and is a national and citizen of that country.

2. The petitioner entered the United States on September 1, 1932, accompanied by his uncle, Lum You.

3. In the year 1941, the petitioner went to the Orient, joined the Chinese Air Commission and worked with General Chennault's Air Force as a member of the American Volunteer Group and then for the General's Flying Tigers.

4. While serving with the Flying Tigers on July 4, 1942, the petitioner joined the United States Air Force at Kunming, China and continued as a member thereof until honorably discharged on April 12, 1946, at Camp Beale, California.

5. The petitioner has been in the United States since the date of his entry, excepting for the aforesaid period of military service and a sojourn in China in the year 1948.

6. The petitioner is established in business in this country and resides herein with his wife and children.

7. The petitioner has never been lawfully admitted to the United States for permanent residence at any time either prior to or subsequent to his service in the armed forces of the United States.

8. The petitioner has filed a petition for naturalization.

The facts are not disputed. The petitioner bases his claim for naturalization on Section 329 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1440, which provides, that an alien who has served honorably in the armed forces of the United States may be naturalized "if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence * * * ."

It is evident that the petitioner's enlistment in China does not place him in the status contemplated by the statute. The Court, therefore, has no alternative but to hold, although reluctantly, that he is ineligible for citizenship under the terms of the statute.

However, in view of all of the circumstances and of the contribution made by the petitioner through his military service, the Administrative authorities should use all of the means within their province to the end that his residence in this country be continued.

The petitioner's application for naturalization must be and is denied.